**UNITED STATES of America, Appellee,**

v.

**Doyle L. SHEPHERD, Appellant.**

**No. 78–1424.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 19, 1978.

Decided Dec. 6, 1978.

---

**2.**  If taxpayers did expect further notice, their expectation was unreasonable.

David E. Smith, Bryant, Ark., on brief, for appellant.

W. H. Dillahunty, U. S. Atty. and Richard M. Pence, Jr., Asst. U. S. Atty., Little Rock, Ark., on brief, for appellee.

Before GIBSON, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Doyle L. Shepherd appeals from his conviction after a jury trial on eight counts of mail fraud in violation of 18 U.S.C. § 1341 (1976).[1] He challenges the sufficiency of the Government's evidence establishing use of the mails within the scope of section 1341 and the adequacy of the jury instructions concerning use of the mails. We reject these contentions and affirm.

Shepherd obtained home remodeling contracts by fraudulently representing himself as qualified to perform such work. After inducing his customers to pay forty-fifty percent of the contract price in advance, Shepherd did little work, and what he did perform was shoddy and had to be corrected. The mail fraud counts rest on Shepherd's placing of advertisements for remodeling work in three Arkansas newspapers:

the Democrat Advertiser, which was delivered exclusively by mail, the Arkansas Gazette, and the Arkansas Democrat, which predominately depended on carrier delivery but included mailings to some subscribers.[2] None of the victims who testified at trial received their newspapers by mail.

On this appeal, Shepherd's principal contention is that the incidental mailings of newspapers to nonvictims was too far removed from his fraudulent scheme to sustain the conviction. In *Atkinson v. United States*, 344 F.2d 97 (8th Cir.), *cert. denied*, 382 U.S. 867, 86 S.Ct. 141, 15 L.Ed.2d 106 (1965), we held that the mail fraud statute applies where victims of a fraudulent plan read advertising in furtherance of the scheme in carrier delivered rather than mailed newspapers. "It is sufficient that the use of the mail was caused by defendants in furtherance of the fraudulent scheme." *Id.* at 99; *accord, United States v. Buchanan*, 544 F.2d 1322, 1324–25 (5th Cir.), *cert. denied*, 432 U.S. 907, 97 S.Ct. 2953, 53 L.Ed.2d 1080 (1977). Here the record shows that all victims contacted Shepherd for work as a result of his newspaper advertisements. Consequently, the advertisements, some of which Shepherd should reasonably have known would be sent through the mails, constituted an integral part of the fraudulent scheme. *See Pritchard v. United States*, 386 F.2d 760, 764 (8th Cir. 1967), *cert. denied*, 390 U.S. 1004, 88 S.Ct. 1247, 20 L.Ed.2d 104 (1968); *Atkinson v. United States, supra*. Therefore, Shepherd's conduct comes within the scope of the mail fraud statute.

Shepherd also contends the trial court erred when it refused to give his proffered instruction concerning the use of the mails and instead gave an instruction

---

1. The late Judge Terry L. Shell, Eastern District of Arkansas, Western Division, imposed a sentence on the first count of twelve months' imprisonment, to be followed by a one-year period of probation on the other seven counts.

2. Shepherd's advertisement appeared in the November 24, 1976, issue of the Democrat Advertiser, which was mailed to 46,900 subscribers. His advertisements in the Arkansas Ga-

zette appeared in some 259 issues from November 18, 1976 to December 5, 1977, during which period more than 4,000 copies of each issue were mailed out of a circulation of about 128,-000. From November 18, 1976 to October 3, 1977, the advertisements were published in 57 issues of the Arkansas Democrat, which mailed over 1,100 copies per issue out of a circulation of about 70,000.

proposed by the Government. After reviewing the court's instructions, we hold that they adequately related the essential elements of the offense.

Affirmed.